UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRECE R. WELCH,

    Petitioner,

v().

    Case Number 2:22-CV-11258
    HONORABLE DENISE PAGE HOOD

NOAH NAGY,

    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Demetrece R. Welch, (petitioner), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

### I. Background

Petitioner claims that prison officials are violating his Eighth Amendment rights by placing him and other prisoners in danger of contracting the COVID-19 virus while incarcerated. Petitioner claims that as a result of age, lack of maintenance, and other issues, the Michigan

1

Department of Corrections (M.D.O.C.) has closed several units at his prison. This has forced the M.D.O.C. to house prisoners in overcrowded prison cells. Petitioner claims that this overcrowding does not allow for adequate social distancing protocols to prevent the spread of COVID-19. Petitioner also claims that there has been an increase in violence between inmates in Michigan's prisons. Petitioner claims that much of the prisoner violence could be ameliorated by better training of prison personnel and more institutional programs to keep the inmates busy. Petitioner claims that Michigan's prisons are infested with rodents or vermin, in need of major repairs, or need to be replaced entirely with newer, cleaner, facilities. Petitioner claims that the health care programs in the prisons are inadequate and there are often delays in prisoners obtaining medical or dental treatment for serious health conditions. Petitioner also claims that the prison is not providing him with adequate cleaning supplies, which could be used to prevent the spread of COVID-19 or other diseases.

## II. Discussion

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970)(stating that the district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999).  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.  After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

   Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)(citing

3

*Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id.* (citing *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

    Petitioner's claims are non-cognizable in habeas. Petitioner does not allege that no set of conditions of confinement would remedy the prison conditions. Petitioner alleges that the prison is violating social distancing rules by placing too many inmates in one cell. Petitioner also alleges that the prison is providing him with insufficient cleaning supplies to help prevent the spread of Covid-19. Petitioner's allegations suggest that the risk of contracting Covid-19 could be ameliorated if prison officials followed the social distancing rules and provided adequate cleaning supplies to prisoners. Petitioner also suggests that the incidents of violence between inmates would lessen if prison personnel received better training in how to deal with prison violence and if more institutional programs were provided to the prisoners to keep them preoccupied. Lastly, petitioner implicitly suggests that the general conditions in the Michigan prison system could be improved by building new prisons or doing major repairs on the existing prisons, as he claims the M.D.O.C. is planning to do. Petitioner does not

4

allege that no conditions of confinement would be sufficient to prevent irreparable constitutional injury at the Cotton Correctional Facility. Petitioner's claims are non-cognizable in a habeas petition. *Wilson v. Williams*, 961 F.3d at 838.

Petitioner's claims about the Michigan prison system challenge only the conditions of his confinement, thus, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006).

Claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow the petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

### III. Conclusion

The Court summarily dismisses without prejudice the petition for a writ of habeas corpus.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal from an order denying habeas relief. *See Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th 1997).

Petitioner is not entitled to a certificate of appealability, because jurists of reason would not find debatable this Court's decision that petitioner's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 F. App'x 371, 377 (5th Cir.

2008).  Petitioner is denied leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

The Court also **DENIES as MOOT** the following Motions:  Motion for Enlargement of Conditional Release on Bail (ECF No. 3); Motion for Leave to File Supplemental Petition (ECF No. 4); Motion for Immediate Consideration of Petitioner's Motion for Enlargement Upon Bail Pending Resolution of Habeas Corpus Petition (ECF No. 5), and Motion for Discovery and Expedited Production from Respondent (ECF No. 8).

**IT IS SO ORDERED.**

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: November 30, 2022