UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRECE R. WELCH,

    Petitioner,

v.

                                Case Number 2:22-CV-11258
                                HONORABLE DENISE PAGE HOOD

NOAH NAGY,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTIONS TO ALTER OR AMEND JUDGMENT (ECF NO. 11 AND ECF No. 12)

Demetrece R. Welch, (petitioner), filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleged that prison officials violated his constitutional rights by placing him and other prisoners in danger of contracting the COVID-19 virus while incarcerated. This Court summarily dismissed the petition without prejudice, finding the claims to be non-cognizable in habeas. The Court further informed petitioner that he should challenge the conditions of confinement in a civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Petitioner filed a motion to alter or amend judgment. For the reasons that follow, the motion is DENIED.

1

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Community Hospital, Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *See also Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016). Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner is not entitled to relief under Rule 59 because all of the facts in support of his petition were available prior to entry of judgment. *Gritton*, 332 F. App'x at 239 (finding witness statements submitted following judgment could have been discovered before judgment with diligent investigation). In dismissing the petition, the Court considered all of the arguments that petitioner raised in his initial petition. Petitioner alleged "11. Sadly, prisons were hit harder by this virus due to the inability of individuals within the prisons to take the necessary measures, i.e., social distancing, proper sanitizing measures, to slow the infection rate within the prison population." ECF No. 1, PageID.3. Petitioner further alleged, "14. The Respondent has instituted protocols to mitigate the spread of communicable diseases within the prisons, including Covid. However, these protocols are not being enforced on a practical level." *Id*.

In dismissing the petition, the Court considered all of the arguments that petitioner raised in his initial petition and which he again raises in his motion. Petitioner's motion is denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the petition for a writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). Petitioner should bring any further challenges

to the conditions of confinement in a separate civil rights complaint brought pursuant to 42 U.S.C. § 1983.

**IT IS HEREBY ORDERED** that the motions to alter or amend judgment (ECF Nos. 11 and 12) are **DENIED**.

<u>s/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  January 30, 2023